UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MONOLITO B. COOPER | ) |
| Plaintiff, | ) ) ) ) |
| | ) No. 1:13-CV-217 |
| v. | ) ) Judge Curtis L. Collier |
| RHEA COUNTY, TENNESSEE, a political subdivision of the State of Tennessee, et al., | ) ) ) |
| Defendants. | ) |

## **M E M O R A N D U M**

Before the Court are motions to dismiss by two defendants and a motion for additional time to serve process by the plaintiff. Defendant Jesse Wilke ("Wilke") filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Court File No. 19). Plaintiff Monolito B. Cooper ("Plaintiff") filed a response (Court File No. 21) to Wilke's motion and a motion for additional time to serve Wilke with process (Court File No. 22). Wilke then filed a reply to Plaintiff's response (Court File No. 23). Defendants Rhea County, Tennessee and Mike Neal, as Sheriff of Rhea County, (together "Rhea County")[1] filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) (Court File No. 28). Plaintiff did not respond to Rhea County's motion.[2] For the following reasons, the Court will **GRANT** Wilke's motion to dismiss, **GRANT** Rhea

---

[1] The Court refers to these defendants as Rhea County given that Neal is being sued in his official capacity as Sheriff and not as an individual, which is in effect a suit against the county. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

[2] A party's failure to respond to a motion "may be deemed a waiver of any opposition to the relief sought." E. D. Tenn L.R. 7.2; *see Campbell v. McMinn Cnty., Tenn.*, No. 1:10–CV–278, 2012 WL 369090, at *2, n. 5 (E.D. Tenn. Feb. 3, 2012) ("Plaintiff's failure to respond effectively waives any objections that he may have had . . . .").

County's motion to dismiss, and **DENY AS MOOT** Plaintiff's motion for additional time to serve Wilke.

I. BACKGROUND

Plaintiff filed a June 28, 2013 complaint pursuant to 42 U.S.C. § 1983 alleging that on June 29, 2012 deputies of the Rhea County Sheriff's Department assaulted him and used excessive force against him in violation of the Fourth Amendment (Court File No. 1). Wilke was neither named among the defendants nor identified in the complaint. However, Plaintiff alleged in his complaint that "Defendants, DOES 1 through 6, are as yet unidentified Defendants and will be added as parties to this action through amendment of this Complaint as and when said Defendants are identified through discovery." On September 30, 2013, Plaintiff filed an Amended Complaint (Court File No. 12) naming Wilke as a defendant.

II. STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

#### A. Wilke

Wilke argues that Plaintiff's cause of action accrued on June 29, 2012, the statute of limitations period closed one year later, and no exception to the statute of limitations applies in this case. Plaintiff argues that adding Wilke to the complaint was timely because of the relation-back doctrine set forth in Federal Rule of Civil Procedure 15. The parties dispute whether Plaintiff's addition of Wilke in the Amended Complaint constitutes a new party from the "John Does" named in the original Complaint, and thus whether the subsequent addition of Wilke as a defendant in the Amended Complaint properly relates back so as to satisfy the statute of limitations. Specifically,

Wilke argues that "the use of a 'John Doe' as a place holder does not constitute a 'mistake in identity'" as required under the relation-back doctrine (Court File No. 23 ¶ 4).

Federal district courts apply state statutes of limitations in proceedings brought under 42 U.S.C. § 1983. *Wallace v. Kato*, 594 U.S. 384, 387 (2007). This time period is the same statute of limitations period that the applicable state law provides for personal injury torts, which is one year in Tennessee. *See Id.*; Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). The parties here agree that the controlling statute is Tennessee's one-year statute of limitations for personal injury actions.

Statutes of limitations help to "ensure fairness to the defendant by preventing undue delay in bringing suits on claims[] and by preserving evidence so that facts are not obscured by the lapse of time or the defective memory or death of a witness." *Jacobs v. Baylor Sch.*, 957 F. Supp. 1002, 1008 (E.D. Tenn. 1996) (citing *Quality Auto Parts Co., Inc., v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 820 (Tenn. 1994)). The limitations period begins to run on the day when the cause of action accrues. *Heimeshoff v. Hartford Life & Accidents Ins. Co.*, 134 S. Ct. 604, 610 (2013). Generally, a cause of action accrues in personal injury actions "when the injury occurred or was discovered." *CTS Corp. V. Waldburger*, 134 S. Ct. 2175, 2181 (2014) (quoting BLACK'S LAW DICTIONARY 1546 (9th ed. 2009)).

Where an amended pleading changes a party or a party's name, courts may find that the amendment relates back to the date of the original filing under Rule 15(c) if, among other requirements, "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

4

*Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538, 541 (2010) (quoting Fed. R. Civ. P. 15(c)(1)(C)). Substituting a named defendant for a "John Doe" defendant is "considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th 1996); *see Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) ("It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."). Such a change in parties after the statute of limitations has run does not satisfy the mistaken identity requirement of Rule 15(c). *See Cox*, 75 F.3d at 240. Thus, most federal courts have held that an amendment adding a defendant in place of a John Doe does not relate back to the original complaint and thus is not exempted from the applicable statute of limitations. *See* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶15.19(3)(d) (3d ed. 2010); *see also Ferreira v. City of Pawtucket*, 365 F. Supp. 2d 215, 217 (D.R.I. 2004) ("The overwhelming majority of federal appellate courts that have considered the issue have found that amendments naming 'John Doe' defendants whose identity is unknown at the time of the filing of the complaint do not relate back under [Rule 15(c)]").

Here, Plaintiff's cause of action accrued on June 29, 2012. Plaintiff timely filed his complaint naming John Does among other defendants on June 29, 2013, the day before the one-year statute of limitations period closed.[3] Plaintiff filed his amended complaint adding Wilke as a defendant on September 30, 2013, over two months after the statute of limitations had run. The addition of Wilke as a party in the amended complaint is a change in parties, which does not qualify as a substitution of parties or a mistake of identity. *See Cox*, 75 F.3d at 240.

---

[3] Plaintiff does not allege ongoing violations and thus tolling is not an issue.

Plaintiff's reliance on *Krupski* is misplaced. Although the Supreme Court in Krupski applied the same Rule at issue in Wilke's motion, the *Krupski* facts are not analogous to the instant case. In *Krupski*, the plaintiff mistakenly sued the North American sales and marketing agent of the proper defendant corporation. *Krupski*, 560 U.S. at 543. The Court noted that the named defendant and proper defendant were "related corporate entities with very similar names" and that the "interrelationship and similarity heighten[ed] the expectation that [the proper defendant] should suspect a mistake has been made when [the other] is named in a complaint that actually describes [the proper defendant's] activities." *Id*. at 556.

While Plaintiff is correct that *Krupski* emphasized the need for courts to examine Rule 15(c)(1)(C) arguments from the vantage point of the proper defendant, *see Id.* at 553-54, such analyses only concern a genuine "mistake concerning the proper party's identity," *Id.* at 545. Although *Krupski* offers insight into the rationale of Rule 15(c)(1)(C), it did not address the specific question at issue here: whether initially naming a John Doe and then later adding a known defendant satisfies the relation-back doctrine because of a mistaken identity. As explained above, several other courts have directly tackled the issue and have firmly rejected plaintiff's reasoning. *See*, *e.g*., *Cox*, 75 F.3d at 240; *Goodman v. Praxair, Inc*., 494 F.3d 458, 471 (4th Cir. 2007) (en banc); *Wayne v. Jarvis*, 197 F.3d 1090, 1102-04 (11th Cir. 1999); *Jacobsen v, Osborne*, 133 F.3d 315, 321 (5th Cir. 1998); *Delgado-Bruent v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996); *Aslanidis*, 7 F.3d at 1075. The Court will not ignore this well-settled law. Naming a John Doe in a complaint is not considered a mistake in identity under Rule 15(c), so a *Krupski* analysis is not applicable in the instant case.

Plaintiff fails to show a mistake of identity and consequently does not satisfy the relation back exception of Rule 15(c)(1)(C). Accordingly, the Court will **GRANT** Wilke's motion to dismiss.

Consequently, the Court will **DISMISS AS MOOT** Plaintiff's motion for additional time to complete service under Rule 4.

### B. Rhea County

A municipality cannot be held liable under a *respondeat superior* theory for § 1983 violations. *Spears v. Ruth*, 589 F.3d 249, 256, n.6 (6th Cir. 2009) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)); *see also Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (stating that municipalities "are not vicariously liable under § 1983 for their employees' actions") (citations omitted). Instead, municipalities are liable when they "have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Cash v. Hamilton Cnty. Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)). A § 1983 suit against a municipality ultimately involves a two-prong inquiry: (1) whether the plaintiff has been deprived of a constitutional right and (2) whether the municipality is responsible for the violation. *Id.*

A § 1983 plaintiff can draw from one of four sources to establish a municipality's liability for an illegal custom or policy: "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Spears*, 589 F.3d at 256 (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). A plaintiff bears the burden of showing "that the unconstitutional policy or custom existed, that the policy or custom was connected to the [municipality], and that the policy or custom caused [the] constitutional violation." *Napier v. Madison Cnty.*, 238 F.3d 739, 743 (6th Cir. 2001). Failure to adequately train or supervise officers can rise to the level of a *de facto* unconstitutional policy or custom if a plaintiff

7

can show: "(1) the training or supervision was inadequate to the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). A municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick*, 131 S. Ct. at 1359.[4]

The Court begins its analysis by identifying the allegations in the complaint that are not entitled to the presumption of truth because they are legal conclusions. *See Iqbal,* 556 U.S. at 679-80. As Rhea County points out, Plaintiff's only allegation referencing Sheriff Neal or Rhea County is the following:

> The customs, practices, and policies of the Rhea County Sheriff's Department, as promulgated by Defendant, Rhea County, Tennessee through Defendant, Mike Neal, facilitated a substantial risk of serious harm and injury to Plaintiff, and Defendant, Mike Neal, failed to properly train and supervise the Arresting Officers so as to prevent the serious bodily injuries suffered by the Plaintiff.

(Court File No.12, ¶ 23). This statement is a string of legal conclusions that can not be credited without factual support. Plaintiff has offered no factual content from which the Court could reasonably infer Rhea County is liable for the misconduct alleged, making Plaintiff's bare legal assertions insufficient to support his allegation that Rhea County is responsible for a constitutional

---

[4] "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Loggins v. Franklin Cnty.*, 218 F. App'x 466, 473 (6th Cir. 2007) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).

8

violation under one of the *Spears* sources of municipal liability. *See Napier*, 238 F.3d at 743. Plaintiff has simply pleaded "[t]hreadbare recitals of the elements of a cause of action, support[ed] by mere conclusory statements" and thus has not produced a well-pleaded complaint under Rule 8. *See Iqbal*, 556 U.S. at 678.[5] Accordingly, the Court will **GRANT** Rhea County's motion to dismiss pursuant Rule 12(b)(6).

**IV.  CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Wilke's motion to dismiss, **GRANT** Rhea County's and Sheriff Neal's, in his official capacity, motion to dismiss, and **DENY AS MOOT** Plaintiff's motion for additional time to complete service.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[5] Rhea County points to two cases, *Birgs v. City of Memphis*, 686 F. Supp. 2d 776, 780 (W.D. Tenn. Feb. 18, 2010) and *Hutchinson v. Metro Gov't Nashville & Davison City*, 685 F. Supp. 2d 747,749-51 (M.D. Tenn. Feb. 5, 2010), in which district courts granted Rule 12(b)(6) motions in § 1983 cases against municipal defendants. The complaints in these cases contained substantially more facts going to municipal liability than the complaint in the instant case, and even they were found to lack factual support sufficient to overcome a motion to dismiss. See *Birgs*, 686 F. Supp. 2d at 780; *Hutchinson*, 685 F. Supp. 2d at 751.

9

Case 1:13-cv-00217-CLC-SKL   Document 37   Filed 08/06/14   Page 9 of 9   PageID #: 144